Allen Yueh Wen Tsai ( Bar Number: CO00133)

allen.tsai@dtlaws.com

DT Law Corporation,

7700 Irvine Center Drive Suite 800

Irvine, CA 92618

(949)466-5237

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| Xiaobin Xin | ) | Agency Case No: IOE0931682627 |
|---|---|---|
|     Plaintiff, | ) | Case No:1:25-cv-3841 |
|   vs. | ) | |
| KRISTI NOEM, SECRETARY OF U.S. DEPARTMENT OF HOMELAND SECURITY  in her official capacity; JOSEPH B. EDLOW, DIRECTOR OF U.S. CITIZENSHIP AND IMMIGRATION SERVICES in his official capacity; SUSAN DIBBINS, Chief of Administrative Appeals Office, in her official capacity;PAM Bondi, in her official capacity as Attorney General of the United States, | ) ) ) ) ) ) ) ) | COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT |
|     Defendants, | | |

1

Plaintiff, Xiaobin Xin ("Plaintiff Xin") brings this complaint against the Secretary of United States Department of Homeland Security ("DHS"), Kristi Noem ("Defendant Noem"), Joseph B. Edlow ("Defendant Edlow") the Director of United States Citizenship and Immigration Services ("USCIS"), Pam Bondi ("Defendant Bondi") the Attorney General of the United States and Susan Dibbins, Chief ("Defendant Dibbins"), Chief of Administrative Appeals Office ("AAO"), collectively known as ("Defendants") and allege as follows:

## INTRODUCTION

This action arises under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, challenging Defendants' actions in connection with the EB-5 immigrant investor program (8 U.S.C. § 1153(b)(5)). Congress created the EB-5 visa category to attract foreign investment into the United States that creates U.S. jobs. Plaintiff Xin is a foreign national who had invested in a new commercial enterprise pursuant to the EB-5 program and filed an I-526E petition, which had been unlawfully denied by Defendants. Defendants' actions are arbitrary, capricious, not in accordance with law, and in excess of statutory authority, misconstruing the EB5 regulation and discounting a critical evidence that would help with its adjudication, causing Plaintiff Xin to suffer injury by denying her I-526E Petition.

## PARTIES

1. Plaintiff Xin is a Chinese national and an EB5 investor who is seeking lawful permanent residence through the approval of I-526E Petition.

2. Defendant Bondi is the Attorney General of the United States and this action is brought against her in her official capacity only, as well as her successors and assigns. She is charged with certain functions involved in the implementation of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the Federal Bureau of Investigation ("FBI"), which is an agency within the U.S. Department

of Justice. The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530

3. Defendant Noem is the Secretary of the DHS and this action is brought against her in her official capacity only, as well as her successors and assigns. She is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA. She is further authorized to delegate certain powers and authority to subordinate employees of the USCIS. DHS is headquartered at 245 Murray Lane, S.W., Washington, DC 20598.

4. Defendant Edlow is the Director of U.S. Citizenship and Immigration Services, a component within DHS, and is responsible for the overall administration of USCIS and the implementation of the immigration laws that pertain to I-526E Petition, including adjudicating I-526E Petition filed by Plaintiff. He is sued in his official capacity.

5. Defendant Dibbins is the chief of AAO and is responsible for the overall administration of AAO including the adjudication of the I-526E Petition appeals at issue in this action.

## JURISDICTION AND VENUE

6. This case arises under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq. and the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as a civil action arising under the laws of the United States, and 28 U.S.C. § 1361. This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201-02, and injunctive relief under 5 U.S.C. § 702, and 28 U.S.C. § 1361. The United States has waived sovereign immunity under 5 U.S.C. § 702. .

7. Venue lies in the United States District Court for the District of Columbia, the judicial district in which the Defendants reside. 28 USC §1391 (e).

## EXHAUSTION OF REMEDIES

8. Defendants' September 26, 2025 dismissal of Plaintiff Xin' I-526E Petition's appeal constitutes final agency action under the APA. *See* 5 U.S.C. §§ 551(13); 701(b)(2); 704. The EB-5 Reform and Integrity Act of 2022 ("RIA") at 8 U.S.C. § 1153(b)(5)(P)(i)-(ii) require an administrative appeal of the denial. Accordingly, Plaintiff Xin has filed multiple motions and appeal with AAO and she has no other administrative remedies to exhaust.

## LEGAL BACKGROUND

***EB-5 Statutory and Regulatory background***

9. As part of the Immigration Act of 1990, Congress established the EB-5 immigrant investor visa program. See Pub. L. No. 101-649, § 121(a) (Nov. 29, 1990) (codified at 8 U.S.C. § 1153(b)(5)). Congress allocates up to 7.1% of employment-based visas to the EB-5 category for "employment creation" immigrants who invest in new commercial enterprises ("NCEs") within the United States that create American jobs. See 8 U.S.C. § 1153(b)(5)(A). The EB-5 visa category thus provides a pathway for foreign investors to become lawful permanent residents in the United States after investing in America.

10. Immigration and Nationality Act (INA) § 203(b)(5) – 8 U.S.C. § 1153(b)(5) EB‑5 immigrant investor visas are granted to foreign nationals who invest capital in a new commercial enterprise in the U.S. The investment must meet two main criteria: Minimum investment amount – usually $1,050,000 (standard) or $800,000 (targeted employment area or TEA). Job creation – the enterprise must create at least 10 full-time U.S. jobs per investor.

11. Pursuant to 8 C.F.R. § 204.6 (a)-(d)), investors must prove that the investment funds were lawfully obtained.

***Congressional Intent of Source of Funds Requirements***

12. It is Congress intent to "reauthorize the EB-5 Regional Center Program in order to prevent fraud and to promote and reform foreign capital investment and job creation in American communities."H.R. 2901, 117th Cong. (2021) (text). In other words, the act creates an integrity fund to "ensure that … an alien's investment funds came from a lawful source and through lawful means."

# FACTUAL ALLEGATIONS

*Plaintiff Xin*

13. Plaintiff Xin is a Chinese national and an EB5 investor who is seeking lawful permanent residence through the approval of I-526E Petition.

*Plaintiff Xin' I-526E Petition*

14. On September 16, 2022, Plaintiff Xin properly filed an I-526E Petition which USCIS in order to obtain her lawful permanent residence in the US after Plaintiff Xin invested in a new commercial enterprise pursuant to the EB-5 program.

15. In support of her I-526E Petition, the Plaintiff Xin filed extensive documents to show her lawful source of funds and documents associating with her EB5 investment.

*Defendants' Request for Evidence ("RFE") Relating to Plaintiff Xin' I-526E Petition*

16. On November 1, 2023, Defendants issued an RFE seeking further documentation of the Plaintiff Xin's lawful source of funds with respect to her combined source of funds derived from her , her daughter and her husband.

*Plaintiff Xin Timely Response to Defendants' RFE*

17. On February 7, 2024, Plaintiff Xin timely responded to the RFE. In its RFE response, among other evidence, Plaintiff Xin has addressed all the necessary issues

5

including but not limited to lawful source of funds by proving history of transactions through her and her husband's complete bank statements, extensive documents from her friend who helped with the money exchange in 2015 and a copy of forensic accountant's report. The copy of forensic accountant's report entails how "lowest intermediate balance rule" ("LIBR") apply to the commingled funds in the Platinffi Xin's submitted bank statements for the disputed accounts ending in 5312 and 6966 ("Disputed Accounts"). Despite money being fungible and all the funds in the Disputed Accounts were commingled, LIBR was able to segregate the unverified source of additional deposits and the 2018 deposited EB5 funds ($550,030 USD and $550,005 USD respectively) from Plaintiff Xin's and her husband, Xiaoming Zhu ("Mr. Zhu") former EB5 investments. LIBR helped show that the unverified source of additional deposits did not displace or taint the original ownership of $550,030 USD and $550,005 USD in the Dispute Accounts because the balance of Disputed Accounts never fell below ($550,030 USD and $550,005 USD). Pursuant to EB5 statute and regulation, Plaintiff Xin was only required to demonstrate the ownership and lawfulness of $550,030 USD and $550,005 USD as they were only funds used to make her EB5 investments. Through LIBR, Plaintiff Xin demonstrated the lawfulness and ownership of her EB5 investments ($550,030 USD and $550,005 USD) in the Disputed Accounts.

    18. The immediate lawful source of the the Plaintiff Xin's EB5 investment funds at issue ($550,030 USD and $550,005 USD) were traceable because they derived from the investment funds of Plaintiff Xin and Mr. Zhu's former EB5 investments and the immediate lawful source of funds for Plaintiff Xin and Mr. Zhu's former Eb5 investments derived from bank loans from Plaintiff Xin and Mr. Zhu's real estate mortgage dated back to 2014-2015. Plaintiff Xin even submitted documentation of how and when Plaintiff Xin and Mr. Zhu had acquired the said real estates dated all way back to 1999.

19. Through its extensive and detailed evidence, Plaintiff Xin demonstrated that she met the criteria of the EB5 Classification set out by the INA statute and fulfilled the regulatory standard of EB5 Regulations.

***Defendants' Denial of Plaintiff Xin' I-526E Petition***

20. On March 4, 2024, Defendants denied Plaintiff Xin' I-526E Petition solely on the ground of discrediting the accountant's forensic report along with the applicability LIBR and misconstruing the LIBR. Defendants' ground of denial was inconsistent with Plaintiff Xin' extensive evidence provided, which were either dismissed, mischaracterized and/or discounted as non-probative. Defendants had misconstrued of EB5 Definitions for lawful source of funds and such interpretation is inconsistent with the plain language of 8 C.F.R. § 204.6 (a)-(d)).

***Defendants' History of Dismissal of Plaintiff Xin's Timely Raised Motion to Reconsider and Appeal with respect to her I-526E Petition.***

21. On March 20, 2024, Plaintiff Xin timely raised her motion to reconsider requesting the reconsideration of the applicability of LIBR and improperly discrediting her forensic accountant report to demonstrate the lawfulness of her EB5 funds and such motion was dismissed by the Defendants on September 26, 2024.

22. On October 17, 2024, Plaintiff Xin timely raised her appeal, claiming the applicability of LIBR and improperly discrediting her submitted forensic accountant report to demonstrate the lawfulness of her EB5 funds, with AAO for further review and AAO dismissed Plaintiff Xin's appeal on April 2, 2025.

23. On May 1, 2025, Plaintiff Xin's timely raised her motion to reconsider her denial of the AAO appeal. She also supplemented additional documents to respond to

AAO's concern with respect to the origin of her lawful source of EB5 funds with home mortgage and AAO dismissed her motion on September 26, 2025.

24. In the September 26, 2025 dismissal, Defendants continued to discredit Plaintiff's submitted forensic accountant report and contend a novel "path of funds" requirement for lawful source of funds which was absent from EB5 statute and regulation and other judicial precedents.

25. In the September 26, 2025 dismissal, Defendants raised various case laws to support their legal basis of applying "path of funds requirement" to their adjudication of I-526E Petition. However, the facts of those case laws were unrelated to the immediate lawfulness of source of funds, rather those judicial precedents were related to the investor's doubtful ownership of investor's initially invested EB5 funds.

26. Hence, Defendants acted arbitrarily and capriciously in denying Plaintiff Xin' I-526E Petition solely on the ground that the evidence in the record was insufficient to establish the Plaintiff Xin's EB5 investment were deemed lawful. Plaintiff's Xin's extensive evidence provided were either dismissed, mischaracterized and/or discounted as non-probative, inconsistent with the record evidence. Defendants had misconstrued of EB5 Definitions for lawful source of funds and such interpretation is inconsistent with the plain language of 8 C.F.R. § 204.6 (a)-(d)).

27. As a result of these errors, Defendants wrongfully denied Plaintiff Xin' I-526E Petition solely on the ground that her EB5 investment funds were not lawfully obtained.

28. Under 5 U.S.C. §§ 702 and 704, Plaintiff Xin has suffered a "legal wrong" and has been "adversely affected or aggrieved" by agency action for which there is no other adequate remedy of law.

## COUNT ONE

**Violation of the Administrative Procedure Act, 5 U.S.C. § 701, et seq.,**

**the Immigration and Nationality Act and its Implementing Regulations**

29. Plaintiff Xin re-alleges and incorporate by reference, as if fully set forth herein, the allegations in paragraphs 1-28 above.

30. Plaintiff is entitled to review by this Court pursuant to 5 U.S.C. §§ 701-706.

31. A reviewing court shall "hold unlawful and set aside agency action . . . found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A).

32. Defendants arbitrarily concluded that the evidence in the record was insufficient to establish Plaintiff Xin EB5 investment funds were lawfully obtained.

33. As a result, Defendants unlawfully denied Plaintiff Xin' I-526E Petition merely on the fact that her EB5 investment funds were not lawfully obtained.

34. Plaintiff Xin submitted substantial and sufficient evidence demonstrating that the I-526E Petition satisfied the statutory definition of a EB5 Classification and fulfilled the regulatory standard of the EB5 Requirements. 8 C.F.R. § 204.6 (a)-(d))

35. Defendants failed to reach accurate legal and factual conclusions as to the Plaintiff Xin' I-526E Petition, and its legal and factual conclusions are unsupported by any evidence in the record; misconstrued the applicable regulations, case laws and policy memorandum; impermissibly imposed evidentiary requirements deviating from those required by the applicable statute and agency regulation.

36. Defendants' errors, singly and in combination, were arbitrary, capricious, and violated the law. Consequently, Defendants acted arbitrarily, capriciously, and contrary to the law in violation of the APA, the INA, and the immigration regulations by denying Plaintiff Xin' I-526E Petition.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Xin request that this Court:

(1) Declare that the denial of her I-526E Petition violates the APA, the INA and its attendant regulations, is *ultra vires*, erroneous as a matter of law, arbitrary and capricious, an abuse of discretion, and not otherwise in accordance with law, and violates due process;

(2) Issue an order directing Defendants to reopen and properly re-adjudicate the I-526E Petition;

(3) Issue an order directing Defendants to complete the re-adjudication of the I-526E Petition within a reasonable time set by this Court;

(4) Grant the Plaintiff Xin such other relief as this Court deems proper under the circumstances; and

(5) Grant the Plaintiff Xin' attorney's fees, expenses and costs of court, pursuant to the Equal Access to Justice Act ("EAJA")

///

Respectfully Submitted,

Dated this 2th of November, 2025.

/s/ Allen Yueh Wen Tsai
Allen Yueh Wen Tsai
Attorney for Plaintiff